AO 91 (Rev. 6/95) Criminal Complaint

# United States District Court

CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

v.

Thaddeus N. Brewer
Adams County Jail
Quincy, Illinois

(Name and Address of Defendant)

FILED
AUG 29 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**CRIMINAL COMPLAINT**

CASE NUMBER: 08-3050-m

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about August 8, 2008 in Adams County, in the Central District of Illinois, defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally possess with the intent to distribute a controlled substance

in violation of 21 United States Code, Section(s) 841(a)(1) and 841(b)(1)(B)

I further state that I am a(n) Christian A. McGuire, DEA Special Agent   and that this complaint is
                                        Name

based on the following facts:

See attached affidavit

Continued on the attached sheet and made a part hereof:   Yes   No

Christian A. McGuire
Name of Complainant

s/ Christian A. McGuire
Signature of Complainant

Sworn to before me and subscribed in my presence,

August 29, 2008                          at      Springfield, Illinois
Date                                                City and State

Byron G. Cudmore                                  s/ Byron G. Cudmore
United States Magistrate Judge
Name & Title of Judicial Officer                  Signature of Judicial Officer

STATE OF ILLINOIS          )
                           ) ss
COUNTY OF SANGAMON         )

## AFFIDAVIT

I, Christian A. McGuire, being first duly sworn, hereby depose and state:

1.    I am a Special Agent (SA) of the Drug Enforcement Administration (DEA), and have been so employed since January 1997. I am presently assigned to the Springfield, Illinois, Resident Office. I have personally conducted and/or assisted in hundreds of investigations of individuals and organizations deriving income from the unlawful distribution of controlled substances. I have had hundreds of conversations with drug traffickers concerning their methods of operation in the course of investigative interviews and covert activities. I have also participated in the execution of hundreds of search warrants relating to illegal drug trafficking. In addition, I have participated in numerous federal investigations involving the court authorized interception of wire communications which resulted in the arrest and conviction of narcotics dealers, in the course of which I have listened to thousands of covertly recorded conversations between dealers revealing their methods of operation.

2.    This affidavit is submitted in support of an application for a criminal complaint and arrest warrant for Thaddeus N. Brewer, date of birth 12/18/1971, charging Brewer with violations of Title 21 United States Code, Section 841(a)(1).

3. On August 8, 2008, SA McGuire and Illinois State Police (ISP) Inspector Lee Mangold received information from a source of information which indicated that Brewer would possibly be transporting a quantity of crack cocaine from Springfield, Illinois, to Quincy, Illinois, for distribution. This source of information indicated that Brewer would be driving a black GMC Yucon bearing Illinois registration X802207. SA McGuire and Inspector Mangold relayed this information to ISP, District 20, Trooper Jacob Vahle.

4. On this same date, at approximately 10:05 p.m., Trooper Vahle observed the above-described vehicle traveling northbound on Interstate 172 in Adams County, Illinois. Trooper Vahle pulled behind this vehicle and observed that the rear registration plate of the vehicle was partially obscured by a trailer hitch ball attached to the rear bumper of the vehicle. Trooper Vahle also observed a TV screen attached to the front windshield area, below the rear view mirror, of the vehicle. Trooper Vahle later documented that this TV was on and was very bright in the darkness. Based on the location of the screen and it's brightness Trooper Vahle indicated that this screen was partially blocking the drivers view through the front windshield.

5. Trooper Vahle conducted a computer check of the drivers license status for Thaddeus Brewer and was informed that his drivers license privileges had expired in December of 1997.

6. 625 ILCS 5/3-413 entitled Display of registration plates, provides that registration stickers and drive-away permits, must be clearly visible and free from any materials that would obstruct the visibility of the plate.

7. 625 ILCS 12-503 entitled Windshields must be unobstructed and equipped with wipers, provides that no person shall drive a motor vehicle with any objects placed or suspended between the driver and the front windshield . . . which materially obstructs the driver's view of the highway.

8. Trooper Vahle then activated his emergency lights and conducted a traffic stop on the vehicle. Trooper Vahle identified the driver of the vehicle as Thaddeus Brewer and noted that Brewer appeared nervous. Trooper Vahle identified the passenger of the vehicle as Lamont Jones. Trooper Vahle asked Brewer for his drivers license and Brewer gave Trooper Vahle an Illinois Identification card, explaining that his driver's license was expired. Trooper Vahle then placed Brewer under arrest for no valid driver's license.

9. Trooper Vahle searched Brewer's person with negative results for contraband and Inspector Mangold searched the vehicle, also with negative results for contraband. Trooper Vahle then transported Brewer to the Adams County Jail, Quincy, Illinois, for processing. Upon arriving at the jail Inspector Mangold and Trooper Vahle advised Brewer that it was illegal to bring any contraband into the jail. Brewer responded that he was dirty and that he had cocaine in his crotch.

10. Trooper Vahle and Inspector Mangold then escorted Brewer to an interview room where he pulled out a baggie containing 53 small bags of powder cocaine (weighing approximately 5 grams total) and one baggie containing crack cocaine (weighing approximately 5 grams total). Trooper Vahle later processed these exhibit's into evidence pursuant to ISP regulations.

11. At approximately 10:56 p.m., Trooper Vahle and Inspector Mangold advised Brewer of his Miranda warning and Brewer indicated that he understood his rights and would be willing to answer some questions. Brewer also signed a form indicating that he understood his rights. Brewer indicated that he had purchased approximately 6 grams of cocaine and 6 grams of crack cocaine in Springfield, Illinois. Brewer stated that he let some of these drugs go in Springfield, Illinois, and was bringing the rest to Quincy, Illinois, to sell. Brewer indicated that he had gone to a house in Springfield, Illinois, prior to leaving town, and bagged up the cocaine into the individual baggies so he could sell each one for $20.00 in Quincy, Illinois. Brewer advised that he was not sure what he was going to get for the crack cocaine.

12. On August 28, 2008, SA McGuire received a report from the Illinois State Police, Springfield, Illinois, Forensic Science Laboratory. This report indicated that Forensic Scientist Kristin Stiefvater analyzed the above reported drugs and determined that the one described above as being crack cocaine weighed 5.05 grams and was cocaine base. Forensic Scientist Stiefvater also randomly selected one of the 53 baggies and found it to contain 0.1 grams of cocaine. The other 52 baggie of white powder were not analyzed.

Further, Affiant sayeth not,

s/ Christian A. McGuire

Christian A. McGuire
Special Agent, DEA

Subscribed and sworn to before me
August 29, 2008.

s/ Byron G. Cudmore

8/29/08 2pm

BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE